IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KINGDOM GROUP INVESTMENTS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-830-SDJ-KPJ |
| | § | |
| LAKEVIEW LOAN SERVICING, LLC, | § | |
| | § | |
| Defendant. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Plaintiff Kingdom Group Investment's ("KGI") Amended Motion to Remand (the "Motion") (Dkt. 21). For the reasons that follow, the Court recommends the Motion (Dkt. 21) be **GRANTED**.

**I.     BACKGROUND**

On September 1, 2022, KGI filed the Original Petition (Dkt. 2), *Kingdom Group Investments v. Lakeview Loan Servicing, LLC*, Cause No. 429-04927-2022, in the 429th Judicial District Court, Collin County, Texas. *See* Dkts. 1, 2. KGI alleges that on or about August 16, 2022, it acquired the property located at 3010 Elderberry Drive, Wylie, Collin County, Texas (the "Property") from Legacy Group Brokerage, Inc. ("Legacy"). *See* Dkt. 2 at 3. KGI alleges that Legacy acquired the Property on September 7, 2021, at an assessment lien sale conducted by the Wylie Sage Creek Residential Association, Inc. *See id.* at 4. KGI alleges that on March 18, 2020, Defendant Lakeview Loan Servicing, LLC ("Lakeview") was assigned a deed of trust on the Property, and that Lakeview "appears to be the last entity holding the deed of trust." *Id.* KGI alleges that title secured by the deed of trust is superior to the title secured by KGI's acquisition. *See id.* at 3.

KGI alleges it is "unable to ascertain from [Lakeview] any information relative to any amounts currently due and owing under the Note that is secured by the deed of trust and has been unable to verify that [Lakeview] is the current owner of the deed of trust; or, whether the mortgage Note has been paid in full." *Id.* at 4. KGI asserts that as the current owner of the Property, it has the right of equitable redemption. *See id.* KGI asserts a cause of action to quiet title, in which it requests that "[Lakeview] be required to demonstrate its ownership [of] the deed of trust and Note secured thereby" and "if [Lakeview] is unable or unwilling to provide such information, that the Court find and decree that KGI owns the property free of the deed of trust." *Id.* KGI requests in the alternative that "if [Lakeview] is able to demonstrate its continued ownership of the Note and deed of trust, that it be required to provide to KGI sufficient information to enable it to discharge any indebtedness." *Id.* Further, KGI asserts a claim for injunctive relief, related to a foreclosure on the Property by Lakeview that was scheduled to take place on September 6, 2022. *See id.* at 4–5.

On September 2, 2022, the state court entered a temporary restraining order (the "TRO") enjoining the foreclosure of the Property by Lakeview and scheduling an injunction hearing on September 15, 2022. *See* Dkt. 1-3 at 7–8. On September 6, 2023, Lakeview foreclosed on the Property and sold it to Raya Cellular, LLC ("Raya"). *See* Dkt. 17 at 3. On September 27, 2022, Lakeview timely filed a Notice of Removal (Dkt. 1).[1] After the case was referred to the

---

[1] "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). The Original Petition (Dkt. 2) was filed on September 1, 2022, and Defendant filed the Notice of Removal (Dkt. 1) on September 27, 2022, fewer than 30 days later.

KGI does not appear to contest that removal was proper, based on this Court's diversity jurisdiction. Nonetheless, the Court must independently assess whether removal was proper because, if removal was not proper, the Court would lack subject-matter jurisdiction over this matter. *See Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 749 (5th Cir. 2020) ("Moreover, courts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006))). "The burden of establishing federal jurisdiction rests on the party seeking the federal forum.

undersigned for all pretrial proceedings (Dkt. 8), the Court issued the Order Governing Proceedings (Dkt. 9), wherein the Court ordered the parties to confer and file a joint report of attorney conference pursuant to Federal Rule of Civil Procedure 26. The parties filed the Joint Report on January 12, 2023, wherein Plaintiff indicated that it "anticipates possibly naming the purchaser of the Property at the foreclosure sale." Dkt. 12 at 2. On January 19, 2023, the Court held the Rule 16 Management Conference in this matter, during which KGI's counsel indicated that he anticipated adding the foreclosure purchaser to the case, which may affect this Court's jurisdiction. *See* Dkt. 15. Accordingly, the parties agreed that all deadlines in the case should be stayed for thirty days. *See id*. On January 20, 2023, the Court ordered that all case deadlines be stayed until February 28, 2023, at which time the parties were instructed to provide notice to the Court as to how they intended to proceed.[2] *See* Dkt. 16. On January 24, 2023, without leave of court, KGI filed the Amended Complaint (Dkt. 17), in which KGI alleges that Lakeview was served with the TRO prior to its foreclosure on the Property and sale of the Property to Raya. *See* Dkt. 17 at 3. In the Amended Complaint (Dkt. 17), KGI also adds Raya as a Defendant. *See* Dkt. 17. The Amended Complaint (Dkt. 17) includes a trespass to try title claim against Raya and a wrongful foreclosure claim against Lakeview, both of which were not included in the Original Petition (Dkt. 2). *See* Dkt. 17 at 4. Further, KGI adds Raya to its previously asserted quiet title

---

For diversity jurisdiction, the party asserting federal jurisdiction must distinctly and affirmatively allege[] the citizenship of the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (internal quotations omitted).

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A federal court has jurisdiction over controversies involving disputes between citizens of different states where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1).

The Court finds that Lakeview has established federal jurisdiction. Lakeview has established that it is a citizen of Delaware and Florida, *see* Dkt. 1 at 3, and that KGI is a citizen of Texas, *see* Dkt. 2 at 2. Further, Lakeview has established that the amount in controversy exceeds $75,000. *See* Dkt. 1-5.

[2] The parties did not provide such notice to the Court.

3

cause of action. *See id.* at 3–4. On January 25, 2023, summons was issued to Raya. *See* Dkt. 18. On February 14, 2023, Lakeview filed an answer to the Amended Complaint (Dkt. 17). *See* Dkt. 19. On June 5, 2023, Raya filed an answer to the Complaint (Dkt. 17) and crossclaims against Lakeview. *See* Dkt. 25. On June 26, 2023, Lakeview filed an answer to Raya's crossclaims. *See* Dkt. 28.

On February 23, 2023, KGI filed the Motion (Dkt. 21), wherein KGI asserts that "[b]ecause title to the real property is at issue, the foreclosure purchaser [Raya] is a necessary party." Dkt. 21 at 1. KGI avers that Raya is a citizen of Texas and contends that because KGI is also a citizen of Texas, there is a lack of complete diversity, meaning that the Court no longer has subject matter jurisdiction over this case and must remand the case to state court. *See id.* at 1–2. Lakeview filed a response (Dkt. 26),[3] and KGI filed a reply (Dkt. 27). On July 26, 2023, the Court held a hearing on the Motion (Dkt. 21), which was attended by respective counsel for KGI, Lakeview, and Raya. *See* Dkt. 30. On July 27, 2023, the Court ordered that this case be stayed pending the resolution of the Motion (Dkt. 21). *See* Dkt. 31.

---

[3] On March 9, 2023, Lakeview filed "Defendant's Response in Opposition to Amended Motion to Remand" (the ("Original Response") (Dkt. 22). The introduction of this filing states, "Lakeview requests that the Court strike Plaintiff's Amended Complaint [Doc. 17] and then dismiss as moot Plaintiff's Amended Motion to Remand [Doc. 21]." *Id.* at 1. Thus, substantively, this filing was both a motion to strike and a response to the Motion (Dkt. 21). Such a filing violates the Court's Local Rules. *See* LOC. R. CV-7(a) ("Each pleading, motion, or response to a motion must be filed as a separate document, except for motions for alternative relief (e.g., a motion to dismiss or, alternatively, to transfer)."). Failure to comply with this Court's Local Rules allows the Court to *sua sponte* strike the noncompliant filing from the record. *See McCalley v. Olson*, No. 4:21-CV-00511-ALM-CAN, 2022 WL 18141391, at *2 (E.D. Tex. Aug. 15, 2022), *R. & R. adopted*, 2023 WL 114218 (E.D. Tex. Jan. 5, 2023) (collecting cases). On June 2, 2023, the Court struck the Original Response (Dkt. 22) and ordered that by June 9, 2023, Lakeview file a response to the Motion (Dkt. 21) that complies with the Court's Local Rules, and that by June 9, 2023, Lakeview may file a motion to strike that complies with the Court's Local Rules. *See* Dkt. 24 at 2. On June 9, 2023, Lakeview filed a response (Dkt. 26); Lakeview did not file a motion to strike. Accordingly, the Court does not consider whether it should strike the Amended Complaint (Dkt. 17) and dismiss as moot the Motion (Dkt. 21). Rather, the Court considers the Amended Complaint (Dkt. 17) as if there is an accompanying motion for leave to amend.

## II.  LEGAL STANDARD

Where a party does not have the right to amend as a matter of course, in determining whether to allow a party to amend its complaint, "[t]he court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "The United States Supreme Court has listed several factors for a court to consider when it analyzes a party's motion for leave to amend, including 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]'" *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 184 (5th Cir. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "The district court should scrutinize an amended pleading naming a new nondiverse defendant in a removed case 'more closely than an ordinary amendment.'" *Moore v. Manns*, 732 F.3d 454, 456 (5th Cir. 2013) (per curiam) (quoting *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)). "'[T]he court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether [the] plaintiff has been dilatory in asking for amendment, whether [the] plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.'" *Allen*, 907 F.3d at 185 (quoting *Hensgens*, 833 F.2d at 1182).[4]

---

[4] At the threshold, Lakeview contends that although KGI asserts that Raya is a citizen of Texas, KGI has not demonstrated that Raya is a citizen of Texas. *See* Dkt. 26 at 2 n.2. "[T]he citizenship of a [limited liability company] is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1081 (5th Cir. 2008). Lakeview correctly identifies that in neither the Amended Complaint (Dkt. 17) nor the Motion (Dkt. 21) does KGI discuss the identities of the members of Raya. However, attached to KGI's reply (Dkt. 27) is a copy of Raya's Certificate of Formation (27-2), which shows Walid Moustafa Abdelmoaty Elsayad Elmahrakawy ("Elmahrakawy") is Raya's sole member, and a copy of Raya's Franchise Tax Public Information Report (Dkt. 27-1), which shows that Elmahrakawy's office and mailing address is located in Plano, Texas. KGI asserts that the foregoing

### III.     ANALYSIS

**A. Whether the Purpose of the Amendment is to Defeat Diversity Jurisdiction**

"When district courts in the Fifth Circuit analyze the first *Hensgens* factor, 'they consider whether the plaintiffs knew or should have known the identity of the nondiverse defendant when the state court complaint was filed.'" *Mia Reed & Co. v. United Fire & Cas. Co.*, No. H10–4440, 2012 WL 2499932, at *7 (S.D. Tex. June 27, 2012) (quoting *Gallegos v. Safeco Ins. Co. of Ind.*, 2009 WL 4730570, at *3 (S.D. Tex. Dec. 7, 2009)). "[A] plaintiff's failure to join a non-diverse defendant to an action prior to removal when such plaintiff knew of a non-diverse defendant's identity and activities suggests that the purpose of the amendment is to destroy diversity jurisdiction." *Lowe v. Singh*, No. CIV.A. H-10-1811, 2010 WL 3359525, at *2 (S.D. Tex. Aug. 23, 2010) (quoting *Schindler v. Charles Schwab & Co.*, No. CIV.A.05-0082, 2005 WL 1155862, at *3 (E.D. La. May 12, 2006)).

Lakeview argues that KGI did not seek to join the nondiverse defendant until after Lakeview removed this lawsuit to federal court, even though KGI "clearly knew the identity of [Raya]." Dkt. 26 at 8. Instead, Lakeview argues, KGI waited almost four months after removal to add Raya as a defendant. *See id.*

As indicated above, critical to the Court's consideration of this *Hensgens* factor is the plaintiff's knowledge of the nondiverse defendant, both at the time of the filing of the state court complaint and the time of removal. As Lakeview concedes, at the time KGI filed the Original Petition (Dkt. 2), KGI did not know, and could not have known, the identity of Raya. *See* Dkt. 26 at 8. When the Original Petition (Dkt. 2) was filed, on August 30, 2022, the foreclosure of the

---

information is sufficient to demonstrate that Raya is a citizen of Texas. Lakeview did not file a sur-reply or otherwise dispute KGI's assertion, based on the information attached to KGI's reply, that Raya is a citizen of Texas. The Court finds that KGI has demonstrated that Raya is a citizen of Texas.

Property and the sale of the Property to Raya had not yet occurred. On September 2, 2022, the state court entered the TRO enjoining the foreclosure of the Property by Lakeview and scheduling an injunction hearing on September 15, 2022. *See* Dkt. 1-3 at 7–8. There is no evidence in the record to indicate that, prior to September 27, 2022, KGI knew that Raya purchased the Property at the foreclosure sale on September 6, 2022. In the Rule 26(f) Report, filed on January 13, 2023, in response to the Court's directive to identity "the correct names of the parties to this action and any anticipated additional or potential parties," KGI responded, "Plaintiff anticipates possibly naming the purchaser of the Property at the foreclosure sale." Dkt. 12 at 1-2. On January 19, 2023, at the Rule 16 Conference, KGI's counsel referred to a "foreclosure purchaser" and stated that KGI would likely amend its complaint to add the foreclosure purchaser as a party. *See* Dkt. 15. Accordingly, the parties agreed to stay all case deadlines for a period of thirty days, *see id.*, during which time KGI filed the Amended Complaint, *see* Dkt. 17.

Based on these circumstances, specifically that KGI did not and could not have known the identity of Raya at the time it filed the Original Petition, and there is no evidence to suggest that KGI knew the identity of Raya at the time Lakeview removed the case to this Court, the first *Hensgens* factor weighs in favor of allowing of KGI to join Raya as a defendant.

### B. Whether KGI Has Been Dilatory in Asking for Amendment

"In analyzing the second *Hensgens* factor, courts consider the amount of time that has passed between the plaintiff's motion to amend and the filing of the original petition and notice of removal." *Anzures v. Prologis Tex. I LLC*, 886 F. Supp. 2d 555, 565 (W.D. Tex. 2012) (citing *Mia Reed*, 2012 WL 2499932, at *9). Courts also consider "the procedural posture of the case, particularly whether 'trial or pre-trial dates were scheduled,' or any 'significant activity beyond

the pleading stage has occurred.'" *Id.* (citing *Arthur v. Stern*, No. CIV.A. H-07-3742, 2008 WL 2620116, at *5 (S.D. Tex. June 26, 2008)).

KGI argues that "[t]his case is in its early stages." Dkt. 27 at 7. Lakeview argues that KGI waited until almost four months after removal to file the Amended Complaint (Dkt. 17) and that at the time KGI filed the Amended Complaint (Dkt. 17), KGI had "yet to ask the Court for permission to join the non-diverse defendant." Dkt. 26 at 8.

The Amended Complaint (Dkt. 17) was filed on January 24, 2023—just under four months after Lakeview's removal. Most relevantly, the sale of the Property occurred on September 6, 2022. Neither party discusses whether, given the facts set forth above, the passage of approximately four months is evidence of dilatoriness. Regardless, the Court notes that this case is in its early stages as, per the requests of KGI and Lakeview at the Rule 16 Conference, no scheduling order has yet been entered. *See* Dkt. 16; *accord Lowe*, 2010 WL 3359525, at *3; *cf. Anzures*, 886 F. Supp. 2d at 565 ("Plaintiff, however, did not seek to add [the proposed defendant] until . . . nearly two months after the Court's deadline to amend the pleadings and join parties had expired.").

Accordingly, the second *Hensgens* factor weighs in favor of allowing of KGI to join Raya as a defendant.

### C. Whether KGI Will Be Significantly Injured if Amendment is Not Allowed

"In determining prejudice to a plaintiff under the third *Hensgens* factor, courts consider 'whether a plaintiff can be afforded complete relief in the absence of the amendment.'" *Anzures*, 886 F. Supp. 2d at 565 (quoting *Lowe*, 2010 WL 3359525, at *3). In making this determination, courts consider whether denying leave to amend "raises the possibility of inconsistent results in parallel state and federal proceedings." *Mia Reed*, 2012 WL 2499932, at *9.

KGI argues that "[b]ecause title to the real property is at issue, the foreclosure purchaser [Raya] is a necessary party to this suit." Dkt. 21 at 1. KGI further argues that Raya must be joined so that the sale of the Property can be set aside. *See* Dkt. 27 at 6. Lakeview argues that KGI's claims against Raya relate to KGI's "temporary possession rights" against Raya and that the proceeding that would afford KGI relief is separate from a proceeding regarding a title dispute. *See* Dkt. 26 at 8–9.

Lakeview is correct that under Texas law, eviction actions and title actions are distinct. *See* TEX. R. CIV. P. 510.3(e) ("The court must adjudicate the right to actual possession and not title."). Therefore, if KGI were bringing an eviction action against Raya, KGI's proposed joining of Raya to this lawsuit could be denied, and KGI could be afforded complete relief in a separate suit in state court.

In the Amended Complaint (Dkt. 17), KGI alleges that after the sale of the Property, Raya "has since commenced proceedings to evict [KGI's] tenant." Dkt. 17 at 3. This statement refers to Raya's bringing an eviction claim against KGI's tenant, i.e., not KGI bringing an eviction claim against Raya. Moreover, in this action, KGI is not disputing actual possession; in the Amended Complaint (Dkt. 17), the only claims brought by KGI implicating Raya are ones related to title of the Property. *See* Dkt. 17 at 3–4. Plaintiff specifically alleges that, per the deed Raya apparently received upon purchasing the Property, Raya "claims ownership of the [P]roperty," Dkt. 17 at 4; in Lakeview's Answer (Dkt. 19), Lakeview "admits that Raya . . . has title to the [P]roperty," Dkt. 19 at 4, and in Raya's Answer (Dkt. 25), Raya admits that it claims ownership of the Property, *see*

9

Dkt. 25 at 4.[5] Therefore, Lakeview's argument regarding the availability of separate eviction proceedings is inapposite.

As KGI argues, joining Raya to this suit would allow KGI to be afforded complete relief. In particular, joining Raya would allow KGI to pursue its equitable redemption claim against Lakeview. "The doctrine of equitable redemption allows a lienholder 'a reasonable time to cure default and require a reconveyance of the mortgaged property.'" *Hockessin Holdings, Inc. v. Ocwen Loan Servicing, LLC*, No. 5:15-CV-1103-DAE, 2016 WL 247727, at *6 (W.D. Tex. Jan. 19, 2016) (quoting *Elbar Invs., Inc. v. Wilkinson*, No. 14-99-00297-CV, 2003 WL 22176624, at *3 (Tex. App.—Houston [14th Dist.] Sept. 3, 2003, pet. denied)); *see also Scott v. Dorothy B. Schneider Est. Tr.*, 783 S.W.2d 26, 28 Tex. App.—Austin 1990, no writ) ("An equity of redemption may exist in one other than the original mortgagor. Any person who has an interest in the land and who would suffer a loss as a result of foreclosure holds an equity of redemption." (citations omitted)). To state a prima facie case for equitable redemption, a party must (1) show a legal or equitable interest in the property subject to the mortgage; (2) prove that the party is ready, willing, and able to redeem the properties in controversy by paying off the amount of valid liens attached to the property; and (3) *assert the claim before foreclosure sale because the equity of redemption terminates once foreclosure occurs*. *Hockessin Holdings*, 2016 WL 247727, at *6 (citing *Scott*, 783 S.W.2d at 28) (emphasis added). Because a claim for equitable redemption must be asserted prior to a foreclosure sale, KGI would need to have the foreclosure set aside prior to proceeding on its equitable redemption claim against Lakeview. *See Welch v. Specialized Loan Servicing, LLC*, No. 01-21-00704-CV, 2023 WL 2249202, at *6 (Tex. App.—Houston [1st Dist.]

---

[5] Further, Raya asserts crossclaims against Lakeview regarding Lakeview's failure to disclose the pending litigation related to the title of the Property and a TRO against Lakeview's foreclosure of the Property prior to the sale of the Property to Raya. *See* Dkt. 25 at 6–12.

Feb. 28, 2023, no pet.) ("Historically, Texas courts have held that a foreclosure sale that occurs in violation of a TRO or a temporary injunction is void and no title passes to the purchaser.") (citations omitted); *Deutsche Bank Nat'l Tr. Co. ex rel. Indenture Tr. of Aames Mortg. Inv. Tr. 2005-1 v. Mortberg*, No. 4:19-CV-00875-ALM-CAN, 2020 WL 7658065, at *10 (E.D. Tex. Nov. 16, 2020), *R. & R. adopted*, 2021 WL 716750 (E.D. Tex. Feb. 24, 2021) ("Generally, a foreclosure sale made in violation of an injunction is void and transfers no title."). Adding Raya to the lawsuit would allow KGI to proceed in its effort to have the foreclosure set aside, as Raya currently claims title to the Property.[6]

Accordingly, the third *Hensgens* factor weighs in favor of allowing KGI to join Raya to this lawsuit.

### D. Any Other Factors Bearing on the Equities

Neither party has asserted, nor does the Court discern, any other factors bearing on the equities. Therefore, the fourth *Hensgens* factor is neutral. *See Anzures*, 886 F. Supp. 2d at 566 (citing *Lowe*, 2010 WL 3359525, at *3); *Gallegos*, 2009 WL 4730570, at *5 ("Because neither party points to additional equitable factors beyond these considerations, the fourth *Hensgens* factor weighs in neutral.").

### E. Weighing the Factors

Because all factors either favor joinder or are neutral, KGI should be granted leave to amend its Original Petition (Dkt. 2) to add Raya as a defendant. *See Lowe*, 2010 WL 3359525, at *3 ("Since all factors either favor joinder or are neutral, the Court concludes that Plaintiff should be granted leave to amend her complaint to add [the proposed defendant] as a defendant."). In particular, the Court finds it compelling that the addition of Raya will allow KGI to pursue an

---

[6] Raya contends that because it is a *bona fide* purchaser, it has good title to the Property. *See* Dkt. 25 at 6.

equitable redemption claim against Lakeview and contend that it has title to the Property against Raya's claims to the Property.

## IV.  RECOMMENDATION

For the foregoing reasons, the Court recommends the Motion (Dkt. 21) be **GRANTED** and this case be **REMANDED** to the 429th Judicial District Court, Collin County, Texas.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party filing objections is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**So ORDERED and SIGNED this 1st day of September, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE