UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KINGDOM GROUP INVESTMENTS | § | |
| | § | |
| v. | § | CIVIL NO. 4:22-CV-830-SDJ |
| | § | |
| LAKEVIEW LOAN SERVICING, LLC | § | |
| | § | |

**MEMORANDUM ADOPTING IN PART AND MODIFYING IN PART THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the Report and Recommendation of the United States Magistrate Judge (the "Report") in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. In the Report, the Magistrate Judge entered proposed findings of fact and a recommendation (the "Report"), (Dkt. #32), that Plaintiff Kingdom Group Investments' ("KGI") Amended Motion to Remand, (Dkt. #21), be granted. The Magistrate Judge further recommended that this case be remanded.

Having received the Report of the United States Magistrate Judge, and no timely objections being filed, the Court is of the opinion that the findings and conclusions contained in the Report should be **ADOPTED in part** and **MODIFIED in part**. The Court adopts the Report entirely with a slight modification to the Report's discussion of Raya Cellular, LLC's ("Raya") citizenship. This clarification does not affect the outcome of this case.

Citizenship of an entity depends on its form. A limited liability company ("LLC") is a citizen where each of its members is a citizen. *E.g.*, *Harvey v. Grey Wolf*

1

*Drilling, Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Allegations of residency are not sufficient to establish the citizenship of an individual; rather, "[f]or diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).

As an LLC, Raya's citizenship is determined by the state(s) where its members are citizens. *See MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313–14 (5th Cir. 2019); *Harvey*, 542 F.3d at 1080. At the time of entry of the Report, neither KGI nor Lakeview Loan Servicing, LLC ("Lakeview") had properly alleged the citizenship of Raya or the citizenship of its sole member, Walid Moustafa Abdelmoaty Elsayad Elmahrakawy. While the copy of Raya's Certificate of Formation attached to KGI's reply purported to show Elmahrakawy as the sole member of Raya, this was not affirmatively stated in the parties' briefs. Further, KGI's allegation that Elmahrakawy was a citizen of Texas rested solely on the allegation that Elmahrakawy had an office and mailing address in Texas.

Accordingly, the Court ordered KGI and Lakeview to file a joint report properly alleging the citizenship of Raya. (Dkt. #34). KGI and Lakeview subsequently filed a joint report wherein they stipulate that Elmahrakawy is the sole member of Raya and Elmahrakawy is a citizen of Texas. (Dkt. #35). The Joint Report also includes documents showing that Elmahrakawy is domiciled in Texas. The Court construes KGI and Lakeview's joint report as a joint stipulation and concludes that the parties have now sufficiently alleged the citizenship of Raya.

It is therefore **ORDERED** that KGI's Amended Motion to Remand, (Dkt. #21), is **GRANTED**, and this case is **REMANDED** to the 429th Judicial District Court of Collin County, Texas.

The clerk of court is directed to immediately transmit this case to the 429th Judicial District Court of Collin County, Texas. The clerk of court shall close this case.

**So ORDERED and SIGNED this 10th day of April, 2024.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE